UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD RICHARDSON ) <br> On behalf of himself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MEDPORT, INC., et al. ) <br> ) <br> Defendants. ) | CASE NO 1:16-cv-02546 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br><br> **STIPULATION AND PROPOSED** <br> **ORDER FOR CONDITIONAL** <br> **CERTIFICATION, NOTICE, AND** <br> **TEMPORARY STAY** |

Subject to the Court's approval, the parties hereby stipulate as set forth below and consent to the entry of this stipulation as an order of the Court.  The matters stipulated consist of (1) conditional certification of the case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of Plaintiff and others similarly situated, as defined herein, (2) provisions regarding the distribution of notice to potential opt-ins, and (3) temporary stay of proceedings in the case so the parties can discuss possible settlement.

**I. CONDITIONAL CERTIFICATION**

1.     Section 216(b) of the FLSA provides that "[a]n action to recover the liability" prescribed by the Act "may be maintained against any employer… by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Section 16(b) specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Conditionally certifying a

case as a collective action under § 216(b) permits notice to be given to potential opt-ins informing them of the collective action and permitting them to join the case pursuant to § 216(b). *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546-48 (6th Cir. 2006). *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

2. The parties stipulate that this case may be conditionally certified by the Court as a collective action under § 216(b) on behalf of Plaintiffs and others similarly situated, defined as:

> All current and former employees of Medport, Inc. who worked as drivers and were paid on a salary basis but were not exempt from overtime, and who worked more than forty hours in one or more workweeks during the period three years preceding the commencement of this action to the present.

## II. NOTICE AND TEMPORARY STAY

3. To avoid the cost of litigation, the parties plan to attempt to negotiate a settlement of this litigation. The parties respectfully ask the Court to stay or suspend proceedings in the case pending the outcome of that negotiation, as follows.

4. Within thirty days, the parties will jointly inform the Court of the outcome of negotiations or the progress thereof.

5. If the negotiation is unsuccessful, the parties will promptly file a proposed plan for notice to potential opt-ins which shall include (i) the form of the proposed notice, (ii) compilation of a roster of present and former employees to whom it is to be sent, and (iii) logistical details of distribution.

6. The Parties agree that applicable statutes of limitations shall be tolled from the date of this stipulation through the next 31 days to allow the parties to attempt to negotiate a settlement of this matter.  The Parties may agree, through their respective counsel, to extend the tolling period beyond the 31 days if additional time is required to facilitate negotiations.

Respectfully submitted,

s/ Scott D. Permuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Ste. 515
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff

**ZASHIN & RICH CO., L.P.A.**

*s/ Michele L. Jakubs*
Stephen S. Zashin (0064557)
Michele L. Jakubs (0071037)
950 Main Avenue
4th Floor
Cleveland, OH 44113
Tel: (216) 696-4441
Tel:  (216) 696-1618
ssz@zrlaw.com
mlj@zrlaw.com

*Attorneys for Defendants*
*Medport, Inc. and James J. Reinholz*

and

*s/ Neal Shah*
FROST BROWN TODD LLC
Tessa L. Castner (0093808)
Grant S. Cowan (0029667)
Neal Shah (0082672)
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
tcastner@fbtlaw.com
gcowan@fbtlaw.com
nshah@fbtlaw.com

*Attorneys for Defendant
HumaCare, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 14, 2017, this *Stipulation* was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*s/ Michele L. Jakubs*
Michele L. Jakubs (0071037)